George M. Fanelli, J.
Motion by plaintiff for an order dismissing the counterclaim of defendant Peterman because of legal insufficiency and for summary judgment.
The action is brought to foreclose a second mortgage in the sum of $35,000 on real property located in the City of New Rochelle. It appears from the papers that the mortgage is a lien upon two parcels (referred to as Parcel “ A ” and Parcel “B ”). The original mortgage dated October 23, 1968, at the time of its execution was a lien only upon Parcel A and was due October 23, 1969. In order to obtain a certificate of occupancy for the apartment house located on Parcel A, it was necessary for the mortgagor to acquire an adjoining parcel of land so as to provide additional parking facilities. Thereupon, the mortgagor entered into an agreement with the County of Westchester to obtain the additional Parcel B. On October 23, 1969 plaintiff entered into an extension agreement with the mortgagor to extend the mortgage to April 23, 1970 upon condition that the mortgagor would grant plaintiff a lien upon the Parcel B that was to be acquired from the county. Plaintiff believed that the mortgagor had already obtained such title from the county on October 24, 1969 and, consequently, on October 30, 1969 plaintiff and the mortgagor entered into a “ spreader agreement ” which extended plaintiff’s lien of the mortgage to the new Parcel B which had supposedly been obtained from the county. However, although the deed to such Parcel B was dated October 24, 1969 it was not actually delivered until some time in the latter part of November, 1969 and recorded on November 28, 1969.
It further appears from the papers that on April 9, 1970 an involuntary petition in bankruptcy was filed against the mortgagor and that it was adjudicated a bankrupt on June 7, 1970. The defendant Peterman is the trustee in bankruptcy of said mortgagor and in his answer to plaintiff’s amended complaint he alleges, by way of defense and counterclaim, that the said 1 ‘ spreader agreement ’ ’ was executed at a time when the mortgagor was insolvent; that it was given without any consideration ; and that it was thus fraudulent as against the mortgagor’s creditors. Said defendant further alleges that the “ spreader agreement ’ ’ was void ab initio since the mortgagor was not the owner of Parcel B on the date it was executed and, consequently, *433 title thereto should vest in him as trustee for the bankrupt mortgagor.
The court is of the opinion that said defense and counterclaim are insufficient and that the court is warranted as a matter of law in directing judgment in favor of plaintiff. The subsequent acquisition of title to Parcel B by the mortgagor immediately extended plaintiff’s lien upon said premises. The “ spreader agreement” provides that ‘ ‘ the [mortgagor] is the owner in fee of the premises described in Schedule ‘ B ’ ”, and the mortgage itself which was extended by virtue of the “ spreader agreement” warrants the title to the premises (cf. Tefft v. Munson, 57 N. Y. 97). Moreover, the claim of preferential transfer is untenable since it is undisputed that the “ spreader agreement ’ ’ dated October 30, 1969 was recorded on December 3, 1969 — more than four months preceding the filing of the involuntary petition in bankruptcy on April 9,1970. The extension agreement was sufficient consideration for the “ spreader agreement ’ ’. In addition thereto the antecedent debt was adequate consideration (Bankruptcy Act, § 67, suhd. [d], par. [1]; U. S. Code, tit. 11, § 107, suhd. [d], par. [1]).
Here, the authenticity of all the documentary evidence adduced by plaintiff is not disputed. The general denial allegations set forth in the trustee’s answer, without more, will not suffice to raise an issue of fact. The only opposing affidavit submitted is by the attorney for the trustee. Such affidavit is hearsay and has no probative value on this motion. In the light of the afore-mentioned the attorney’s bald conclusory statement that plaintiff knew that the mortgagor was insolvent when he acquired the “ spreader agreement ”, even if true, is insufficient to create a factual issue sufficient to warrant a denial of the motion.
Accordingly, the motion is granted.